# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL ACTION NO. 1:14-cr-00004-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ROBERT MAILLET, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Government's Motion to Authorize Payment from Inmate Trust Account. [Doc. 57]. The Defendant opposes the Government's motion. [Doc. 58].

## BACKGROUND

The Defendant, Robert Maillet, pleaded guilty to receipt and possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2) and 2252A(a)(5)(B). [Doc. 15]. On April 14, 2015, the Court sentenced him to a total of 148 months' imprisonment, and a lifetime term of supervised release. [Doc. 33]. The Court also ordered him to pay a $200.00 special assessment and $3,000.00 in restitution. [Id.]. To date, he has paid the

special assessment and nothing toward restitution. The Defendant is currently incarcerated at FCI Fort Dix, and his projected release date is August 28, 2024.[1]

The current balance of the Defendant's restitution debt is $3,000.00. The United States Attorney's Office recently learned that he currently has $5,184.78 in his inmate trust account maintained by the Bureau of Prisons ("BOP"). The United States now moves for entry of an order authorizing the BOP to turn over $3,000.00 of the funds held in Defendant's inmate trust account to the Clerk of Court as payment toward the restitution owed to the victims of the Defendant's crime. [Doc. 57].

The Defendant opposes the Government's motion on several grounds. First, he argues that the Government's motion is improper because he currently has an appeal pending with respect to the denial of his § 2255 Motion to Vacate. [Doc. 58 at 2]. Second, the Defendant argues that the amount in his inmate trust account is not "substantial" and therefore seizure of these funds is not warranted. [Id. at 3-4]. Third, he argues that any collection efforts by the Government are improper at this time, as he is not in default on his restitution obligation. [Id. at 4-5]. Finally, the Defendant argues

---

[1] See https://www.bop.gov/inmateloc/ (last accessed Oct. 13, 2021).

that allowing the Government to take these funds now would create an undue hardship and would impede his re-entry into society. [Id. at 4-6].

## DISCUSSION

Title 18, United States Code, section 3613 sets out procedures for the United States to enforce criminal monetary penalties, including restitution and fines. See 18 U.S.C. §§ 3613(a) and (f). Pursuant to 18 U.S.C. § 3613(c), upon entry of judgment, a lien arises against all of the defendant's property and rights to property, including the defendant's interest in funds held by the BOP in his inmate trust account. See 18 U.S.C. § 3613(a) (United States may enforce restitution against all property and rights to property of the defendant).

The Mandatory Victims Restitution Act ("MVRA") permits the United States to use "all other available and reasonable means" to collect restitution. See 18 U.S.C. § 3664(m)(1)(A)(ii). The MVRA also requires that a defendant's substantial resources received from any source during his term of incarceration be applied to his outstanding restitution obligation. See 18 U.S.C. § 3664(n). The MVRA further authorizes the Court to order payment of a restitution obligation upon notice of a material change in a defendant's economic circumstances that affects his ability to pay restitution "as the interests of justice require." See 18 U.S.C. § 3664(k).

Here, the Government has received notice that the Defendant currently has $5,184.78 in his inmate trust account. These funds qualify as "substantial resources" that would satisfy his outstanding restitution obligation. See 18 U.S.C. § 3664(n). While the Defendant contends that he is not obligated to pay restitution until he is released from custody (and therefore is not in default of his restitution obligation), this argument ignores the fact that he was ordered to begin paying restitution immediately upon sentencing. [See Doc. 33: Judgment at 7 ("Payment to begin immediately…"); Doc. 44: Sent. Tr. at 42 ("Payment of the criminal monetary penalties shall be due and payable immediately.")]. The funds at issue currently are in the Government's possession, and the Government has a valid lien over this property. Further, because the property at issue is cash, it does not fall within any applicable categories of the exempt property that a defendant may claim in a criminal case. *See* 18 U.S.C. § 3613(a)(1) (setting forth the applicable IRS property exemptions for criminal cases).

The Defendant argues that allowing the Government to recover these funds will create a hardship and impede his re-entry into society. This argument, however, is meritless. The Defendant is not scheduled to be released until August 2024. Moreover, the Defendant will be left with $2,148.78 after this payment is authorized, which is more than adequate to

4

cover any incidentals while he is incarcerated. These circumstances do not create a hardship on the Defendant or otherwise impede his re-entry into society.

Finally, the fact that the Defendant has an appeal pending with respect to his § 2255 motion to vacate does not alter the Court's analysis. A pending appeal by itself does not stay enforcement of a restitution judgment. See Fed. R. App. P. 8; Fed. R. Crim. P. 38(e).

For all these reasons, the Court concludes that an order authorizing the payment of funds from the Defendant's inmate trust account is appropriate.

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Authorize Payment from Inmate Trust Account [Doc. 57] is **GRANTED**, and the Bureau of Prisons is hereby authorized to turn over to the Clerk of Court funds in the amount of $3,000.00 held in the inmate trust account for the Defendant as payment for the criminal monetary penalties imposed in this case.

**IT IS SO ORDERED.**

Signed: October 26, 2021

Martin Reidinger
Chief United States District Judge