THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:14-cr-00004-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ROBERT MAILLET, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's "Emergency Motion Requesting Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) Compassionate Release" [Doc. 63].

**I.    BACKGROUND**

On February 4, 2014, a grand jury charged the Defendant Robert Maillet with two counts of receipt of child pornography and one count of possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and 2252A(5)(B). [Doc. 6]. On April 16, 2014, the Defendant pled guilty to one count of receipt of child pornography and one count of possession of child pornography pursuant to a written plea agreement. [Docs. 13, 15]. On April 14, 2015, the Court sentenced the Defendant to 148 months' imprisonment, a supervised release for a term of life, a $200 special assessment, and a

$3,000 order of restitution. Judgment was entered on April 20, 2015. [Doc. 33].

The Defendant thereafter filed an appeal of his conviction, which the Government moved to dismiss due to the plea agreement's appeal waiver. The Fourth Circuit granted the Government's motion to dismiss and issued its mandate on September 26, 2016. [Doc. 50].

On August 30, 2017, the Defendant filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. [Doc. 51]. On April 20, 2020, the Court issued a Memorandum and Order denying and dismissing Defendant's 2255 motion. [Doc. 53]. The Defendant appealed the Court's Order, but the Fourth Circuit declined to issue a certificate of appealability and dismissed the appeal. [Docs. 58, 61, 62). The Defendant is currently located at FCI Dix and his projected release date is August 28, 2024.[1]

On March 2, 2023, the Court received the Defendant's motion for compassionate release. [Doc. 63]. The Court directed the Government to respond to the Defendant's motion. [Text-Only Order entered Mar. 8, 2023]. The Government filed its response on April 6, 2023. [Doc. 65]. The Court

---

[1] See https://www.bop.gov/inmateloc/ (last accessed May 26, 2023).

received the Defendant's Reply on April 17, 2023, [Doc. 66], and a supplement thereto on May 26, 2023. [Doc. 68].

## II. DISCUSSION

The Court may not, as a general matter, "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The only exceptions to this general rule are the exceptions specifically delineated by Congress. One such exception is the compassionate release exception, which gives the Court discretionary authority to reduce a sentence upon a finding that "extraordinary and compelling reasons warrant" the reduction. Id. § 3582(c)(1)(A)(i).

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, it appears that the Defendant has sufficiently exhausted his administrative remedies with the BOP by requesting

3

compassionate release from the Warden. Accordingly, the Court will proceed to address the merits of the Defendant's compassionate release request.

As is relevant here, the Court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions. See U.S.S.G. § 1B1.13. This policy statement, however, was adopted before the First Step Act, and the Sentencing Commission has not updated the policy statement to account for the fact that defendants are now permitted to file their own motions for compassionate release. In light of these circumstances, the Fourth Circuit Court of Appeals has held that § 1B1.13 is no longer an "applicable" policy statement that constrains the discretion of the district courts in finding that "extraordinary and compelling reasons" exists to warrant a reduction in sentence. See United States v.

4

McCoy, 981 F.3d 271, 282 (4th Cir. 2020) ("By its plain terms, . . . § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)"). Thus, this Court is "empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise." Id. at 284 (quoting United States v. Zullo, 976 F.3d 228, 230 (2d Cir. 2020)). Nevertheless, the Court of Appeals has recognized that the policy statement "remains helpful guidance even when motions are filed by defendants." United States v. Hargrove, 30 F.4th 189, 194-95 (4th Cir. 2022) (quoting McCoy, 981 F.3d at 282 n.7). The Defendant bears the burden of establishing that he is eligible for a sentence reduction. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

Here, the Defendant states in his motion that he is 66 years old and argues that "this factor alone should warrant full consideration for Compassionate Release." [Doc. 62 at 4]. The Defendant offers no argument, however, as to why his age—without more—warrants the extraordinary relief of a reduced sentence.

The Defendant also claims that he is a low risk of recidivism; however, he has not cited the completion of any sex offender treatment, even though his PSR describes prior criminal charges alleging contact offenses upon

5

minors, to which he entered pleas of nolo contendre. [See Doc. 25 at 13-15]. While the Defendant completed the Non-Residential Drug/Alcohol Program (NDRAP), nothing in the Defendant's PSR or elsewhere in the record indicates any significant substance abuse concerns and the Defendant does not claim any in his motion.

The Defendant asserts he contracted COVID-19 twice and is now "fighting with symptoms of Long Covid." [Doc. 63 at 5, 6]. The Defendant's BOP medical records provided by the Government, however, indicate that the Defendant is in good health, with no mention of "long COVID" symptoms or any other current medical issues. In a recent medical encounter on February 27, 2023, the Defendant reported he had no current medical issues. While he reported a history of PTSD due to childhood abuse during that visit, he stated that he has successfully managed his condition through yoga, meditation, and diet. The Defendant also reported prior use of Xanax for anxiety, but that he has not taken it for four years and reported that he "seems to be doing well." [Doc. 64 at 1].

While the Defendant contends that he is at high risk for contracting COVID, he admits that he has been vaccinated. [Id. at 5-6]. According to the CDC, vaccine effectiveness studies indicate that the mRNA COVID-19

6

vaccines can significantly reduce the risk of contracting COVID-19 and can offer significant protection against severe illness, hospitalization, and death.[2] The fact that the Defendant faces a potential risk of contracting the virus again while incarcerated, without more, is not sufficient to justify the relief he requests. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.").

The Defendant also complains about the conditions at FCI Fort Dix, arguing that they are unsatisfactory. [Doc. 63 at 4]. The Court does not find, however, that the conditions complained of are so deplorable as to constitute extraordinary and compelling reasons to warrant a reduced sentence.

For all these reasons, the Court concludes none of the grounds cited by the Defendant, considered either singly or in combination, constitute extraordinary and compelling reasons for his early release.

---

[2] See https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last accessed May 26, 2023).

Even if the Defendant could establish an extraordinary and compelling reason, this Court still must consider the § 3553(a) factors, as "applicable," as part of its analysis of determining whether a sentence reduction is warranted.  See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

Here, the Defendant's offense conduct was extremely serious and disturbing.  He possessed a large collection of child pornography, some of which he photoshopped himself into digitally.  He also actively engaged with a deviant like-minded online community.  His past also shows a propensity to commit contact offenses. Furthermore, the Defendant already has benefited from a substantially below guidelines sentence.  Based on the Defendant's history and characteristics and the need to protect the public from further crimes, the need to provide just punishment, and the need to deter Defendant and others from engaging in similar criminal activity, the Court concludes that his sentence of 148 months in prison is sufficient but not greater than necessary to accomplish the section 3553(a) sentencing objectives.

In sum, the Court finds that there are no "extraordinary and compelling reasons" for the Defendant's release and that analysis of the relevant §

3553(a) factors continue to weigh in favor of his continued incarceration. Accordingly, the Defendant's motion for compassionate release is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Emergency Motion Requesting Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) Compassionate Release" [Doc. 63] is **DENIED**.

**IT IS SO ORDERED.**

Signed: June 1, 2023

Martin Reidinger
Chief United States District Judge